[S. F. No. 2801.    Department Two.—July 17, 1903.]

M. RAWLINSON, Respondent, v. CHRISTIAN PRESS ASSOCIATION PUBLISHING COMPANY, Appellant.

ACTION FOR MONEY—PLEADING—COUNTS—NON-PAYMENT—SUPPORT OF JUDGMENT.—In an action for the recovery of money, where the first count of the complaint contains a specific and complete allegation of non-payment, and is sufficient to support the judgment rendered, it is immaterial whether a second count for the same cause of action is or is not properly pleaded.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. F. B. Ogden, Judge presiding.

The facts are stated in the opinion of the court.

Kierce & Gillogley, for Appellant.

William H. Chapman, and E. G. Knapp, for Respondent.

THE COURT.—This action was brought to recover the sum of five hundred dollars and interest. On a trial before the court without a jury the plaintiff obtained a judgment for the full amount sued on. The defendant appeals from the judgment and from an order denying it a new trial.

The first point made by appellant for a reversal is, that the demurrer to the first count of the complaint should have been sustained because there was not a sufficient allegation of non-payment in said count. The allegation in question reads as follows: "V. That defendant has not paid said sum of five

hundred dollars, nor any part thereof, but the same is, with interest thereon from June 10, 1899, till paid, still due in United States gold coin and wholly unpaid.''

It is difficult to conceive of a more complete allegation of non-payment. Appellant's first point, therefore, is certainly devoid of any merit whatever. Moreover, the appellant seems to misunderstand the allegation in question. In its brief a portion of the allegation is set forth as the whole, and on this appellant argues its insufficiency. We are unable to discover any defect in the first count of the complaint.

Appellant's second point is directed to the second count of the complaint, its contention being that the demurrer to it should have been sustained. There is no more merit in this objection than there was in the first one, and, besides, each count embraces but one cause of action, and the first count of the complaint being good, it is immaterial as to the second, for if there is nothing else to support it the judgment can rest on the first count.

On the appeal from the order denying it a new trial, the appellant presents a great number of objections; some of them are based on an entire misconception of the record, and the others on a misunderstanding of the law. We have examined them all, and deem it sufficient to say that there is nothing in any of them that merits special discussion.

The judgment and order appealed from are affirmed.